# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANWAR GREENE AND LEE GIBSON,

          Plaintiffs,            No:

vs.

COTTONWOOD MALL, AND SIMON
PROPERTY GROUP, INC., AND JOHN
DOE(S), INDIVIDUALLY AND AS
EMPLOYEE(S)/EMPLOYER(S)/SUPERVISO
R(S),

          Defendants.

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO:**

Defendants Simon Property Group, Inc. and Mall at Cottonwood, LLC[1] ("Defendants") hereby remove this action from the Second Judicial District Court, Bernalillo County, New Mexico to this Court in accordance with 28 U.S.C. §§ 1331, 1441, and 1446 and D.N.M.L.R.–Civ. 81.1. Defendants are entitled to remove this action because this Court has original jurisdiction over Plaintiff Anwar Greene's and Lee Gibson's ("Plaintiffs") claims against Defendants under 28 U.S.C. § 1331 (federal question). Defendants respectfully set forth the following specific grounds for removal on the basis of this Court's federal question jurisdiction.

1. On January 5, 2016, Plaintiffs filed a Complaint for: Breach of Contract; Retaliation; Hostile Work Environment; Breach of Fiduciary Duty; Tortious Interference with

---

[1] Defendant Mall at Cottonwood, LLC is improperly named as Cottonwood Mall.

Business Relations; and Principles of Equity and Principles of Vicarious Liability (the "Complaint") against Defendants in the Second Judicial District Court, Bernalillo County, New Mexico, entitled *Anwar Greene, et al. v. Simon Property Group, Inc., et al.*, D-202-CV-2016-00089.

2.     On February 25, 2016, Plaintiffs served Defendant Simon Property Group with a copy of Plaintiffs' Complaint and Summons.  On March 16, 2016, Plaintiffs served Defendant Mall at Cottonwood, LLC with a copy of Plaintiffs' Complaint and Summons.  A true and correct copy of all process, pleadings, and orders filed in the state court action, including Plaintiffs' Complaint, are attached to this Notice as **Exhibit 1** in accordance with 28 U.S.C. § 1446(a).

Accordingly, Defendants have filed this Notice of Removal within thirty (30) days after receipt of the initial pleading setting forth a removable claim and it is timely filed under 28 U.S.C. § 1446(b).

3.     This Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 because Plaintiffs' claims involve federal questions.  Specifically, Plaintiffs allege violations of "Plaintiffs' rights relative to federal and state Whistle Blower [sic] protections," (Complaint, ¶¶ 33-34, 58) and ". . . retaliatory acts . . . pursuant to federal and state laws," (Complaint, ¶ 56). Plaintiffs' Prayer for Relief likewise requests this Court to find ". . . that Defendants have committed one, some or all of the listed claims under Federal Law and/or State Law . . . ." (Complaint, ¶ Prayer for Relief).  Finally, Plaintiffs factual allegations reference the exhaustion of their federal administrative remedies with the federal Equal Employment Opportunity Commission ("EEOC") (Complaint, ¶¶ 23-24, 31, 39, 43) as well as potential violations of federal law under the Occupational Safety and Health Administration ("OSHA") (Complaint, ¶

24).

A complaint that attempts to invoke the protection of federal law is sufficient on its face to create federal question jurisdiction. *See Williams v. Bd. of Regents of Univ. of New Mexico,* 990 F. Supp. 2d 1121, 1147 (D.N.M. 2014). Federal court jurisdiction attaches even if the federal claim is without merit and is subsequently dismissed for failure to state a claim. *Id.*, at 122-25, n.1. Accordingly, Defendants are entitled to remove this action under 28 U.S.C. § 1441(b).

4.      In addition to their federal claims, Plaintiffs' Complaint asserts employment discrimination claims against Defendants under New Mexico law based on the same operative facts and circumstances that allegedly give rise to their federal claims. Specifically, Plaintiffs' state law claims are so related to their federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, and those claims properly are removable under 28 U.S.C. § 1441(c).

6.      Copies of all process, pleadings, and orders served on Defendants in this action and all records or proceedings from the state court action are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1(a).

7.      Defendants have given written notice of this removal to all adverse parties, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice to Adverse Party of Removal of Civil Action is attached as **Exhibit 2**.

8.      Defendants filed the Notice to State Court of Removal of Civil Action in the Second Judicial District Court, Bernalillo County, New Mexico and served Plaintiffs with the Notice, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice to State Court of Removal

of Civil Action is attached as **Exhibit 3**.

Respectfully submitted this 24th day of March, 2016.

*s/ R. Shawn Oller*
R. Shawn Oller (N.M. Bar No. 8787)
soller@littler.com
Ryan G. Lockner (*Admission by Association*)
rlockner@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600 (Telephone)
602.957.1801 (Facsimile)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing by United States Postal Service to the following if a non CM/ECF participant:

Natalie Bruce
10716 Capricorn Place, NW
Albuquerque, NM 87114

*s/ R. Shawn Oller*
R. Shawn Oller
Ryan G. Lockner

Firmwide:138165991.1 068206.1009