IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANWAR GREENE and LEE GIBSON,

      Plaintiffs,

v.                                                                          CIV 16-0222 KBM/SCY

SIMON PROPERTY GROUP, INC., and
JOHN DOE(S) INDIVIDUALLY AND AS
EMPLOYEES/EMPLOYER(S)/
SUPERVISOR(S),

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiffs' Motion for Leave of Court to File Second Amended Complaint (*Doc. 26*), filed June 3, 2016. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. Having reviewed Plaintiffs' Proposed Second Amended Complaint (*Doc. 26-1*) and having considered the parties' arguments and all pertinent authority, the Court will grant the motion in part.

### I. BACKGROUND

Plaintiffs filed their "Complaint for: Breach of Contract; Retaliation; Hostile Work Environment; Breach of Fiduciary Duty; Tortious Interference with Business Relations; and Principles of Equity and Principles of Vicarious Liability" against Cottonwood Mall, Simon Property Group, Inc., and John Doe(s) on January 5, 2016, in the Second Judicial District Court for the State of New Mexico. *Doc. 1-1* at 4. Although titled in this manner, Plaintiff's original complaint only brought claims for "hostile work environment," "retaliation," "whistle blower," and "principles of equity." *Id.* at 11-13. The case was

1

removed to this Court on March 24, 2016. *Doc. 1*. Subsequent to this removal, Plaintiffs filed an Amended Complaint on April 26, 2016. *Doc. 13*. While it dropped Cottonwood Mall as a Defendant and purported to clarify "factual assertions and legal claims," the Amended Complaint largely mirrored the original Complaint insofar as it again only alleged claims of "hostile work environment," "retaliation," "whistle blower," and "principles of equity" against Defendant Simon Property Group, Inc. and unnamed John Doe(s). *Id.* at 9-11.

Plaintiffs' Proposed Second Amended Complaint purports to do three things. *Doc. 26* at 2. One of the proposed amendments would substitute individuals Scott Wides and Russell Little for the John Doe Defendants.[1] *See Doc. 26-1* (Proposed Second Amended Complaint). Plaintiffs also seek to clarify their whistle blower claim(s), and to add claims for constructive termination and vicarious liability. *See id.* at 15-17.

## II. LEGAL STANDARD

Plaintiffs have already amended their Complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Thus, they may only file their Proposed Second Amended Complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), [t]he Court should freely give leave [to amend] when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

---

[1] Scott Wides and Russell Little were Plaintiffs' supervisors at all relevant times. *Doc. 26-1* at ¶ 18. Beyond mere supervision, Plaintiffs allege that both Wides and Little engaged in discriminatory or otherwise unlawful conduct. *Id.* at ¶ 17.

The Supreme Court has indicated district courts may withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment."

*U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Furthermore, the United States

Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff

leave to amend when doing so would yield a meritorious claim." *Cabot v. Wal-Mart*

*Stores, Inc.*, No. CIV 11-0260 JB/RHS, 2012 WL 1378529, at *4 (D.N.M. Apr. 10, 2012).

### III. ANALYSIS

### A) Addition of Wides and Little as Defendants

A plaintiff seeking to substitute a named defendant for a John or Jane Doe still

must satisfy the requirements of Rule 15. *See Garrett v. Fleming*, 362 F.3d 692, 696

(10th Cir.2004). That is, if Plaintiffs' claims against Wides and Little would be futile or if

their addition to this case is untimely, as Defendant contends, then the Court should not

permit them to be added as Defendants.

The Court first addresses Defendant's contention of undue delay in naming

Wides and Little. "Emphasis is on the adjective: 'Lateness does not of itself justify the

denial of the amendment.'" *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston*

*Purina Co.*, 525 F.2d 7499, 751 (10th Cir. 1975)).

However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."

*Id.* (quoted authority omitted). In deciding whether delay is "undue," this court focuses "primarily on the reasons for the delay." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (quoting *Minter*, 451 F.3d at 1206). The Tenth Circuit has held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Cohen*, 621 F.3d at 1313 (quoting *Minter*, 451 F.3d at 1206). Furthermore, "courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Here, Plaintiffs give no reason for their delay in naming Wides and Little, merely asserting that they named John Does pending discovery in state court. *Doc. 26* at 2. Yet, both Wides and Little were named as alleged wrongdoers in the body of Plaintiffs' original Complaint, filed January 5, 2016 in state court. *See Doc. 1-1* at ¶¶ 18, 19. Nevertheless, this case is still in its infancy, as Magistrate Judge Yarbrough has limited discovery to Defendant's timeliness and exhaustion defenses. *See Doc. 24*. On balance, the Court does not find that Plaintiffs delay in naming Wides and Little is undue, and will permit their substitution for the John Does named in the Complaint and Amended Complaint.

This does not, however, end the inquiry. Plaintiffs must still show that their claims against Wides and Little are not futile. Defendant correctly recites that no liability exists under Title VII for individual supervisors in their personal capacity. *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Thus, if Plaintiffs' claims were restricted to Title VII, their claims against Wides and Little would certainly be futile. However, Plaintiffs also

appear to bring claims under New Mexico's Human Rights Act.[2] Unlike Title VII, individuals can be sued under the Human Rights Act. *See Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7, 117 N.M. 380, 382, 872 P.2d 353, 355. Thus, Plaintiffs' claims against Wides and Little under the Human Rights Act are not presumptively futile.

Still, claims under the Human Rights Act must be administratively exhausted as to all defendants named in a district court proceeding. *Luboyeski*, 1994-NMSC-032, ¶ 7 (citing NMSA 1978, § 28-1-13(A)). Defendants argue that Plaintiffs cannot bring claims under the Act against Wides and Little because the Complaint is devoid of any allegation that Plaintiffs exhausted their administrative remedies as to them. *Doc. 30* at 6. Plaintiffs, having opted to not file a Reply, do not respond to this argument. However, in their Second Amended Complaint Plaintiffs allege that they "filed multiple allegations of discrimination and/or violations of their federal and state civil rights as against <u>Defendants</u> with the Equal Employment Opportunity Commission ("EEOC") and New Mexico's Human Rights Bureau ("NMHRB")." *Doc. 26-1* at ¶ 22 (emphasis added); *see id.* at ¶ 43. This allegation – that administrative proceedings were instituted presumably against all of the Defendants named in the Second Amended Complaint – is sufficient to preclude a futility assessment at this stage in the proceedings, as the effect of this statement amounts to an allegation that Plaintiffs have exhausted their administrative remedies under the Act as to Wides and Little.

For these reasons, the Court holds that Plaintiffs may amend their Amended Complaint to add Wides and Little as Defendants.

---

[2] While no specific statute is named in the Second Amended Complaint, Plaintiffs state that they filed charges of discrimination against Defendants with both the Equal Employment Opportunity Commission and the New Mexico Human Rights Bureau.

**B) Addition of a Claim for Constructive Termination**

Defendant correctly notes the futility of adding a stand-alone claim for

constructive discharge.

> Constructive discharge is not an independent cause of action, such as a tort or a breach of contract. Instead, constructive discharge is a doctrine that permits an employee to recast a resignation as a de facto firing, depending on the circumstances surrounding the employment relationship and the employee's departure.

*Einess v. Tresco, Inc.*, 44 F. Supp. 3d 1082, 1094–95 (D.N.M. 2014) (quoting

*Gormley v. Coca-Cola Enterprises*, 2005-NMSC-003, ¶ 9, 137 N.M. 192, 194, 109 P.3d

280, 282). Thus, Plaintiffs' Motion to Amend their Complaint to add this claim will be

denied on futility grounds.

**C) Addition of a Claim for Vicarious Liability**

While Defendant argues that there is no stand-alone cause of action for vicarious

liability, the Court cannot agree. The New Mexico Court of appeals has treated

respondeat superior as an independent claim under some circumstances. *See Lessard*

*v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 9, 142 N.M. 583, 588,

(addressing the plaintiff's respondeat superior claim); *Pittard v. Four Seasons Motor Inn,*

*Inc.*, 1984-NMCA-044, ¶ 16, 101 N.M. 723, 728, *writ quashed*, 101 N.M. 555 (1984)

("Plaintiffs were unsuccessful on their respondeat superior *claim*.") (emphasis added).

However, the question is whether Plaintiffs' vicarious liability claim as alleged here

would be futile.

 "Under the doctrine of respondeat superior, an employer can be held vicariously

liable for the negligent actions of an employee who is acting within the scope of his

employment." *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 11

6

142 N.M. 583, 588 (citing *Medina v. Graham's Cowboys, Inc.*, 113 N.M. 471, 475

(Ct. App. 1992)). Whether an employee is acting within the scope of employment is

generally a question of fact for the jury. *Id.* However, when no reasonable trier of fact

could differ on the issue, a district court may grant judgment as a matter of law. *Rivera*

*v. N.M. Highway & Transp. Dep't*, 1993-NMCA-057, ¶ 6, 115 N.M. 562, 564.

Whether an employee is acting within the scope of employment is determined by

a four-prong test:

> An employee's action, although unauthorized, is considered to be in the
> scope of employment if the action (1) is the kind the employee is
> employed to perform; (2) occurs during a period reasonably connected to
> the authorized employment period; (3) occurs in an area reasonably close
> to the authorized area; and (4) is actuated, at least in part, by a purpose to
> serve the employer.

*Id.*, ¶ 12 (quoting *Narney v. Daniels*, 115 N.M. 41, 49 (Ct. App. 1992)). Generally, an

assault arising out of acts of mischief or horseplay are not within the scope of

employment. *Rivera*, 1993-NMCA-057, ¶ 8. Likewise, "[a]n employer is not generally

liable for an employee's intentional torts because an employee who intentionally injures

another individual is generally considered to be acting outside the scope of his or her

employment." *Spurlock v. Townes*, 2016-NMSC-014, ¶ 13 (quoting *Ocana v. American*

*Furniture Co.*, 2004-NMSC-018, ¶ 29, 135 N.M. 539, 552, as corrected (June 9, 2004)).

This includes intentional torts arising from sexual harassment. *Ocana*, 2004-NMSC-018,

¶ 29.

The exception to this general rule is under the "aided-in-agency" approach,

where "an employer may be held liable for the intentional torts of an employee acting

outside the scope of his or her employment if the employee 'was aided in accomplishing

the tort by the existence of the agency relation.'" *Id.*, ¶ 30; *see Restatement (Second) of*

*Agency* § 219. This theory applies only where there is evidence that a tortfeasor's supervisory authority "aided him in the commission of his torts." *Id.*, ¶ 32.

Plaintiffs' vicarious liability claim asserts that Defendant Simon Property Group had control over who supervised Plaintiffs, was aware that Wides had similar problems with other individuals, replaced Wides with Little, who also committed illegal acts, and "did not exercise reasonable care to prevent and promptly correct Defendants Scott Wides and Russelll (sic) Little's bad acts[.]" *Doc. 26-1*, ¶¶ 64-67. Plaintiffs allege that Wides and Little committed various intentional acts, including battering Plaintiffs, sexually harassing them, making inappropriate comments, threats and gestures, and showing them offensive and racially discriminatory electronic images. *Doc. 26-1* at ¶ 17.

The Court concludes that no reasonable jury would find Wides and Little's harassing conduct, as alleged, to be within the scope of their employment. In *Rivera*, for example, the New Mexico Court of Appeals held that an employee was not acting within the scope of his employment as a highway maintenance worker when he threw water on the plaintiff. *Rivera*, 1993-NMCA-057, ¶ 8. A similar result was reached in *Bradley v. Lovelace Sandia Health Sys.*, No. 27,936, 2009 WL 6667452, at *7 (N.M. Ct. App. Nov. 13, 2009) (unpublished), where the New Mexico Court of Appeals held that employees who unlawfully looked up their coworker's medical records were not acting within the scope of their employment. And, most pertinent to this case, the New Mexico Supreme Court in *Ocana* recognized that acts of sexual harassment were outside the scope of the supervisor's employment. *See* 2004-NMSC-018, ¶ 29 (quoting *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 35, 127 N.M. 47, 54, 976 P.2d 999, 1006, for the

proposition that "injuries caused by sexual harassment do not arise out of employment.").

Having determined that Wides and Little's alleged harassing conduct was outside the scope of employment, Plaintiffs can only maintain a vicarious liability claim against Defendant Simon where they can show the applicability of the "aided-in-agency" doctrine. As District Judge Browning explained,

> these decisions [*Burlington Indus., Inc. v. Ellerth*, 524 U.S. at 764–65, 118 S.Ct. 2257; *Faragher v. City of Boca Raton*, 524 U.S. at 807–08, 118 S.Ct. 2275] limit the aided-in-agency theory's applicability in two important ways: (i) the theory applies only to supervisors' acts against subordinates, and not to coworkers-on-coworker torts; (ii) vicarious liability is unrebuttable when the supervisor commits a "tangible employment action" – a firing, a passing-over for promotion, or an undesirable reassignment –but is subject to an affirmative defense when the supervisor simply makes the employee uncomfortable, because, where a tangible employment action exists, "there is assurance the injury could not have been inflicted absent the agency relation," *i.e.*, a tangible employment action by a supervisor constitutes an "official act" by the employer.

*Pena v. Greffet*, 110 F. Supp. 3d 1103, 1121 (D.N.M. 2015).

Thus, at this stage, the Court cannot find futility on this theory. Plaintiffs allege, among other things, that they "were treated disparately relative to vacation time and sick time and relative to other employee benefits and rights." *Doc. 26-1*. These acts could not have been committed by Plaintiffs' coworkers; Wides and Little were only able to take such actions against Plaintiffs by virtue of their supervisory status. *Compare Spurlock*, 2016-NMSC-014, ¶ 16 (quoting *Peña v. Greffet*, 110 F. Supp. 3d 1103, 1124 (D.N.M. 2015), for the proposition that "[t]he tort cannot be of a nature that a mere coworker could have just as easily committed; rather, a specifically supervisory relationship must have aided the tort's commission."). While the Plaintiffs will obviously bear the burden of proving the aided-in-agency theory as this case progresses, at this

stage the Court will permit the amendment of Plaintiffs' Amended Complaint to include a claim for vicarious liability.

### D) Clarification of Plaintiffs' Whistleblower Claim

The third claim in Plaintiffs' Second Amended Complaint alleges that Defendants' actions "constitute a violation of Plaintiffs' rights relative to federal and state Whistle Blower protections." *Doc. 26-1* at ¶ 58. However, Plaintiffs do not identify the federal and state protections they seek to invoke. *Id.* at 15. Defendant argues that Plaintiffs' amendment of this claim is futile because the proposed amendment does not state a federal or state claim for relief because the federal Occupational Safety and Health Administration Act ("OSHA") does not support a private right of action and New Mexico's version of that act may only be used to establish a claim for retaliatory discharge, which Plaintiffs do not allege. *Doc. 30* at 11.

The absence of a Reply brief makes it impossible to know if Defendant's attack on Plaintiffs' whistleblower claim is even a correct characterization of the claim. Plaintiffs' whistleblower claim alleges that they "discovered and reported information and participated in the investigation of information and/or activities that were illegal and/or dishonest and/or conflicted with law, policies and/or contractual obligations of the employer." *Doc. 26-1* at ¶ 58(A). Assuming *arguendo* that Defendant's characterization of Plaintiffs' claim is correct (that they allege wrongful constructive discharge by virtue of reporting violations of OSHA), Plaintiffs' amendment to the whistleblower claims would be futile under federal law but viable under state law. *Sandoval v. New Mexico Tech. Grp. LLC*, No. 2:00-CV-00578-LCS, 2012 WL 3704918, at *2 (D.N.M. Apr. 5, 2012). While Defendant argues that the Second Amended Complaint does not allege that

Plaintiffs were seeking to further a public interest rather than a private one, the New Mexico Court of Appeals has held that reporting violations of New Mexico's version of OSHA is a sufficient issue of public policy to support wrongful discharge claims. *Gutierrez v. Sundancer Indian Jewelry, Inc.*, 1993-NMCA-156, ¶ 22, 117 N.M. 41, 48.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave of Court to File Second Amended Complaint (*Doc. 26*) is **granted in part**. Plaintiffs are granted leave to file their Second Amended Complaint to substitute Wides and Little as the John Doe Defendants, to add a claim for vicarious liability, and to clarify their whistleblower allegations. In all other respects the Motion is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent