# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANWAR GREENE AND LEE GIBSON

        Plaintiffs,

v.                                            CIV 16-0222 KBM/SCY

SIMON PROPERTY GROUP, INC., AND
SCOTT WIDES, AND RUSSELL LITTLE,
INDIVIDUALLY AND AS EMPLOYEE(S)/
EMPLOYER(S)/ SUPERVISORS(S),

        Defendants.

## **ORDER DISMISSING DEFENDANTS SCOTT WIDES AND RUSSELL LITTLE WITHOUT PREJUDICE**

THIS MATTER comes before the Court on two motions: (1) Defendant Simon Property Group, Inc.'s ("SPG") Motion to Dismiss Defendants Scott Wides and Russell Little (*Doc. 78*), filed March 5, 2018; and (2) Plaintiffs' Response to Defendant SPG's Motion to Dismiss Defendants Scott Wides and Russell Little, and Plaintiffs' Motion for Extension of Time to Serve Defendants Scott Wides and Russell Little, and Notice that Briefing has not been Completed (*Doc. 85*), filed March 28, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering a final judgment. *See Docs. 7, 14, 15, 16*. Having reviewed the parties' submissions and all pertinent authority, the Court grants Defendant's Motion and denies Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs filed their Complaint on January 5, 2016 in the Second Judicial District Court of New Mexico, naming Cottonwood Mall, SPG, and John Does as Defendants. *Doc. 1-1* at 4. On March 24, 2016 Defendants SPG and Cottonwood Mall filed a Notice of Removal to federal court. *Doc. 1*. Before any Defendant filed an answer or responsive pleading,[1] Plaintiffs filed their First Amended Complaint, terminating Cottonwood Mall as a defendant. *Doc. 13*. Defendant SPG then filed an Answer and Amended Answer. *Docs. 18, 19*. On June 3, 2016, Plaintiffs filed an opposed Motion for Leave of Court to File Second Amended Complaint (*Doc. 26*), which the Court granted in part on July 29, 2016, allowing Plaintiffs leave to substitute Scott Wides and Russell Little as the John Doe defendants (*Doc. 35*). Plaintiffs filed their Second Amended Complaint on September 30, 2016, naming Wides and Little as defendants, in addition to SPG. *Doc. 40*. Defendant SPG filed its Answer to the Second Amended Complaint on October 11, 2016. *Doc. 41*.

To date, Plaintiffs have not served Defendants Wides and Little, and Defendants Wides and Scott have not filed any responsive pleading. Accordingly, Defendant SPG filed its Motion to Dismiss Defendants Wides and Little on March 5, 2018. *Doc. 78*. Plaintiffs requested and received an extension from the Court until March 27, 2018 to file their response (*Doc. 83*), noting that they were expecting to receive supplemental discovery responses from Defendant SPG needed for their response (*Doc. 81*). By March 28, 2018, Plaintiffs had not filed a response, so Defendant SPG filed a Notice of

---

[1] *See Docs. 6, 10* (granting Defendants extensions of time to file an answer).

Completion of Briefing. *Doc. 84*. Later that day, Plaintiffs filed their response as part of a Motion for Extension of Time to Serve and Notice that Briefing has not been Completed. *Doc. 8*5. Plaintiffs contend that the extension of time to respond to the Motion to Dismiss was until "March 27, 2018 - one week after Plaintiffs expect to receive supplemental discovery from Defendant SPG . . . ." *Doc. 85* at 2. They argue that because they did not receive the supplemental responses from Defendant SPG by March 20, 2018 as anticipated, their response "is timely as it is being filed within one week after Defendant SPG advised Plaintiffs that it would not provide the supplemental discovery . . . ." *Id.*

Even assuming that Plaintiffs did not receive the supplemental discovery responses as expected, the Order granting an extension of time to respond to the Motion to Dismiss gave a deadline of March 27, 2018, not a deadline tethered to Plaintiffs' receipt of supplemental discovery. When they did not receive the supplemental discovery on March 20, 2018, as they were expecting, Plaintiffs had every opportunity to request a further extension. But they did not, and instead did not file a timely response. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to the grant the motion." D.N.M.LR-Civ 7.1(b). However, the Court will overlook that deficiency and decide this issue on the merits. *See, e.g.*, *Wiatt v. State Farm Ins. Co.*, No. CIV 07-0526 JB/ KBM, 2008 WL 2229631, at * 2 (D.N.M. Mar. 24, 2008).

## II. ANALYSIS

As an initial matter, Plaintiffs argue that "Defendant SPG has cited no authority in

3

its motion to dismiss to establish standing to challenge service on behalf of another defendant." *Doc. 85* at 3. Regardless, a court can *sua sponte* raise the issue of service. *See* Fed. R. Civ. P. 4(m). As such, this Court will, again, proceed to the merits.

"In all cases removed from any State court to any district court of the United States in which one or more of the defendants has not been served with process . . . prior to removal, such process or service may be completed . . . in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Accordingly, Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under this standard, "the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service." *Martinez-Jones v. Dulce Indep. Schools*, No. CIV 07-0703 JB/WDS, 2008 WL 2229457, at *3 (D.N.M. Mar. 14, 2008) (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).[2] However, if a plaintiff does not show good cause for failure to serve, the court still has discretion to extend the time to allow service or it can dismiss the case without prejudice. *Espinoza*, 52 F.3d at 840-41.

Here, Plaintiffs have not served Defendants Wides and Little at all, let alone within 90 days since they filed the Second Amended Complaint on September 30, 2016. *See Doc. 40*. Further, Plaintiffs have not shown good cause for this failure to serve.

---

[2] These cases discuss Rule 4(m)'s limit of 120 days for service, which has been amended to 90 days. *Compare* Fed. R. Civ. P. 4(m) (2015), *with* Fed. R. Civ. P. 4(m) (1993).

Plaintiffs assert that they were "under the mistaken understanding that opposing counsel had accepted service on behalf of the individually-named defendant employees of Defendant SPG," and "[o]pposing counsel never advised Plaintiffs that they did not represent the individual defendants until recently . . . ." *Doc. 85* at 3-4. But Plaintiffs provide no explanation for this mistaken understanding and "[i]nadvertence or negligence alone do not constitute 'good cause' for failure of timely serve." *Salazar v. City of Albuquerque*, 278 F.R.D 623, 627 (D.N.M. 2011) (citing *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996)). Additionally, almost every document filed on the docket by counsel for Defendant SPG indicates in the introductory paragraph and the signature line that counsel is only representing Defendant SPG. *See Docs. 41, 43, 44, 51, 53, 54, 62, 72, 73, 76, 78, 84, 87, 88, 92, 95. But see Doc. 71*. Plaintiffs further argue that Defendants Wides and Little had actual notice and knowledge of this law suit (*Doc. 85* at 3), but again fail to provide any information to support this claim. Plaintiffs therefore have not shown good cause as to why an extension of time to serve is warranted.

Finally, the Court, in its discretion, will not grant an extension of time for service. Although the statute of limitation may bar re-filing, Plaintiffs appear to lack interest in a pursuing a claim against the individual defendants. Almost 18 months have passed since Plaintiffs filed their Second Amended Complaint without serving the new defendants. Plus, the case has progressed to the point where Plaintiffs and Defendant SPG have engaged in and completed discovery. *See Doc. 68* (setting the extended discovery deadline for February 16, 2018).

Wherefore,

IT IS HEREBY ORDERED that Defendant Simon Property Group, Inc.'s Motion to Dismiss Defendants Scott Wides and Russell Little (*Doc. 78*) is **granted,** and Plaintiffs' Motion for Extension of Time to Serve Defendants Scott Wides and Russell Little (*Doc. 85*) is **denied.**

IT IS FURTHER ORDERED that, Defendants Scott Wides and Russell Little are **dismissed without prejudice**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent