IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANWAR GREENE and LEE GIBSON,

    Plaintiffs,

v.                                         CIV 16-0222 KBM/SCY

SIMON PROPERTY GROUP, INC.,

    Defendant.

# MEMORANDUM OPINION AND ORDER
# DENYING PLAINTIFFS' AMENDED MOTION TO RECONSIDER

THIS MATTER comes before the Court on Plaintiffs' Amended Motion to Reconsider and Amend Judgment (*Doc. 112*), filed November 1, 2018. Having reviewed the parties' briefs and submissions, the Court finds that the motion lacks merit.

As the Tenth Circuit has noted,

> [t]he Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served.

*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Motions filed within a 28-day window after entry of judgment are considered requests to alter or amend pursuant to Rule 59(e). Such a Rule 59(e) "motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). On the other

hand, motions filed after Rule 59(e)'s 28-day deadline are deemed motions bought pursuant to Rule 60(b). That rule identifies six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant case, the Court entered summary judgment for Defendant and dismissed this action in its entirety on September 29, 2018. *Doc. 108.* Plaintiffs then filed their original Motion to Reconsider and Amend Judgment *(Doc. 110)* on October 27, 2018, which would be within the 28-day window for filing a motion to alter or amend pursuant to Rule 59(e). Evidently the original motion violated several of our District's local rules, and this Amended Motion was filed on November 1, 2018 – after the deadline set forth in Rule 59(e) – to bring the motion into technical compliance with those local rules. *Doc. 114* at 2, n.1. For the reasons set forth below, whether analyzed under the standards for relief under Rule 59(e) or Rule 60(b), Plaintiffs fail to meet their burden to establish that they are entitled to relief.

In their Reply Brief, Plaintiffs contend that their current "motion clarifies certain disputed facts about which there has been some misapprehension." *Doc. 112* at 2. Yet this assertion ignores that Plaintiffs chose not to contest *any* of the material issues of undisputed facts set forth by Defendant in its motion for summary judgment. Plaintiffs now rely on purported "new" evidence without any showing that it was unavailable at the time of my decision on the summary judgment motion. I therefore agree with Defendant

that this is simply Plaintiffs' "belated attempt to demonstrate material fact issues" using affidavits, deposition testimony, and exhibits to which they had access when they responded to the motion for summary judgment in April 2018. *Doc. 114* at 3-4. The time for presenting that evidence is long past. *See Van Skiver,* 952 F.2d at 1243 ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate."). Simply put, whether characterized as an attempted "do-over" or "second bite at the apple," Plaintiffs' late effort is just that – too late.

Plaintiffs' counsel repeats his position taken at oral arguments on the motion for summary judgment that granting summary judgment results in "a manifestly unjust outcome." *Doc. 116* at 1. But the entry of summary judgment "is not 'a disfavored procedural shortcut but rather [it is] an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.'" *Garcia v. Vilsack*, 628 F. Supp. 2d 1306, 1308-09 (D.N.M. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). And, as detailed in my September 29, 2018 Memorandum Opinion and Order, Plaintiffs were given ample opportunity to come forth with evidence demonstrating disputed issues of material fact and failed to do so. I also explained why Plaintiffs' request for additional discovery under Rule 56(d) was woefully deficient. *See Doc. 107* at 5-7. In summary, on the record before the Court, Defendant clearly established its entitlement to judgment as a matter of law, and this Court sees no error in its decision nor justification to alter its final judgment.

Insofar as Defendant requests the imposition of sanctions for the filing of this motion to amend or alter, the Court declines to do so. Throughout this litigation, Plaintiffs' counsel has repeatedly misapprehended his obligations and the burdens that are imposed by both the federal rules of procedure and our local district rules. It appears that this lawsuit is his first as an attorney of record in federal district court in New Mexico. Thus, the unnecessary delay and needless increase in costs of litigation of which Defendant complains may well be due Mr. Ruiz de la Torre's inexperience in federal court rather than constitute vexatious conduct.

Finally, Plaintiffs' counsel has often asserted that it is unfair for his clients to be penalized for the missteps of their attorneys. The Supreme Court has explained that even in cases involving the most severe sanctions,

> [t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R. Co.,* 370 U.S. 626, 633-34 (1962) (quotation omitted).

Wherefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs' Amended Motion to Reconsider and Amend Judgment (*Doc. 112*), filed November 1, 2018 is **denied**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent